**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Eric HONEYMAN, Defendant-Appellant.**

**No. 72–2892.**

United States Court of Appeals,
Ninth Circuit.

Nov. 27, 1972.

Michael H. Metzger, San Francisco, Cal., for defendant-appellant.

James L. Browning, Jr., U. S. Atty., James Ritchie, Maurice K. Merten, Sp. Attys., San Francisco, Cal., for plaintiff-appellee.

Before MERRILL, DUNIWAY and GOODWIN, Circuit Judges.

PER CURIAM:

This is an appeal under 18 U.S.C. § 3147(b) from an order of the District Judge refusing to modify an order fixing the appellant's bail pending a trial of a criminal case against him at $50,000 cash or corporate security bond. The appellant is now at large under an order of this court directing that he be released upon a personal bond of $50,000, with a cash deposit of $5,000.

Honeyman was indicted, along with his brother and others, under a charge of violating 21 U.S.C. § 176a, importing and conspiring to import marijuana. He was released under a personal bond of $10,000 with a 10% deposit in cash. Before trial of the case his brother and one of his co-defendants became fugitives. Honeyman, however, did not. He made all appearances required of him in that case and on one occasion he was permitted to travel to Mexico, which he

did, returning to stand trial. The case was tried and Honeyman was acquitted on two of the three counts charged and there was a hung jury on the third count.

In October of 1972 Honeyman learned that the grand jury was investigating a charge that he had committed perjury during his trial. A retrial of the conspiracy count was still pending and Honeyman was nevertheless granted permission to travel to Kansas, which he did, returning on schedule. When he returned he was arrested on October 31, 1972, under an indictment charging him with perjury in the course of his trial. He has never violated any conditions of his release and has obeyed every order of the court. On November 1, 1972 the remaining count of the indictment under 21 U.S.C. § 176a was dismissed. The possible sentence under section 176a is a minimum of five years and a maximum of twenty years. The possible sentence under the perjury indictment is a maximum of five years, with no minimum.

Honeyman is an alien, a British subject, admitted permanently to this country in 1961. For approximately ten years he has lived in the San Francisco Bay Area and has been steadily employed. He has a wife and no children. He owns a home in Martinez, California, which is not subject to any mortgage and which he values at $14,000. He owns real property in Berkeley, California which is subject to a mortgage, with an equity of approximately $9,000. Honeyman is a twin brother of Alistair Honeyman, who was charged with him in the case in which Honeyman was acquitted and who is a fugitive. Honeyman testified that they are very close. The government asserts that it has a strong case against Honeyman on the perjury charge, and for the purpose of this opinion we assume that that is so.

The trial judge, in refusing to modify his order fixing bail, relied upon the following considerations: The charge of perjury is a substantial one and the United States Attorney has assured the court that the weight of the evidence against Honeyman is substantial. Honeyman is an alien, with ready access to travel documents which would permit his departure from the United States. Honeyman has made frequent trips out of the United States in the past. His only substantial tie in the United States is his wife, who has made frequent trips outside the United States with him. His twin is presently a fugitive. The second defendant in the same case is presently a fugitive. In addition to the foregoing considerations, which are embodied in the court's written order, the trial judge, after hearing, indicated that he believed that a corporate surety bond should be required because the surety would help the government in preventing Honeyman from becoming a fugitive and in apprehending him if he should become a fugitive.

We hold that the grounds upon which the court refused to modify its order are insufficient. The whole spirit of the Bail Reform Act, 18 U.S.C. § 3146, et seq., is that a defendant facing trial should be released, rather than detained, unless there are strong reasons for not releasing him. It is for this reason that in subsection (a) there are listed various conditions of release which the court may impose, short of imprisonment, which are designed to assure that the defendant will appear when required to do so. Subsection (b) permits the court to take into account the nature and circumstances of the offense charged, the weight of the evidence against the accused, the accused's family ties, employment, financial resources, character and mental condition, the length of his residence in the community, his record of convictions and his record of court proceedings or of flight to avoid prosecution, or failure to appear at court proceedings.

When these criteria are applied to Honeyman's case, it is apparent to us that the court's order was in error. We think that the least weight should be given to the weight of the evidence against the accused. Certainly in this case the offense charged, perjury, while

a serious offense, is not of a type that indicates that the defendant is a danger to the community, nor do we think that it establishes a *prima facie* case for the assumption that he is likely to flee. In this case we take into account the fact that the maximum sentence under the present charge is one-fourth of the maximum sentence which Honeyman faced under the preceding charge. It is true the accused's family ties are not strong in the sense that they are likely to keep him from fleeing; he has a wife who travels with him, but no children. On the other hand, the accused has been steadily employed in this community ever since he first became a resident of it. His financial resources are substantial, and they include real property within the district. There is little in the record about his character, although his counsel states that at the trial under the § 176a charges more than one witness attested to his good character and reputation in the community. He has resided for a substantial time in the community, approximately ten years. He has never been convicted of an offense and he has appeared at every proceeding at which he was required to appear.

The trial judge relied heavily upon the fact that his twin brother and one of his co-defendants are fugitives. In this particular case we think that this reliance is misplaced, because Honeyman, in contrast to his co-defendants, made every appearance that was required of him, returned from travel abroad and to other parts of this country when required to do so, and has exhibited no tendency to flout the orders of the court. On the contrary, his record of appearances is excellent, and there is no record of flight on his part. There is an old saying that actions speak louder than words. The court may have disbelieved Honeyman's assurances that he would appear as and whenever required, but in the light of his past record of appearance, we find this an insufficient basis for the court's order.

The order appealed from is reversed. The matter is remanded to the district court with directions to permit Honeyman to remain at large under the conditions prescribed by this court in its order of November 3. The trial court may, however, impose such other conditions listed in 18 U.S.C. § 3146(a) as the court may deem appropriate, including, but not limited to, the continued surrender of his British passport, and a requirement that Honeyman, to secure the bond that was given, shall make, execute, acknowledge and record in the Counties of Contra Costa and Alameda, California, liens upon his real properties to secure the performance of the bond that he has given.